*E-FILED: June 13, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUIS HERNANDEZ and CINDY CALDERON,<br><br>    Plaintiffs,<br>  v.<br><br>THE CITY OF SAN JOSE; THE SAN JOSE POLICE DEPARTMENT ("SJPD"); ERNIE ALCANTAR, individually and in his official capacity as Captain, SJPD; and JAMES WERKEMA, individually and in his official capacity as Lieutenant, SJPD,<br><br>    Defendants.<br>_____/ | No. C12-02952 HRL<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT #1**<br><br>[Re: Docket No. 22] |

Plaintiffs Luis Hernandez and Cindy Calderon sue for alleged violation of their civil rights under federal and state law. Specifically, Hernandez claims that defendants retaliated against him for reporting time card fraud within the San Jose Police Department (SJPD). Calderon claims that defendants retaliated against her because of her friendship with Hernandez. In Discovery Dispute Joint Report (DDJR) #1, plaintiffs seek an order compelling defendant City of San Jose (City) to answer Interrogatory Nos. 8, 10, and 12 and to produce documents responsive to Requests for Production Nos. 3, 9, 16, 19, 22-27, and 32 (or, to provide information as to why the requested documents are unavailable). Having considered the parties' arguments, the court rules as follows:

Plaintiffs correctly note that federal, not state law privileges, apply. See Soto v. City of

1  Concord, 162 F.R.D. 603, 609 n.2 (N.D. Cal. 1995); Miller v. Pancucci, 141 F.R.D. 292, 297-
2  99 (C.D. Cal. 1992). The City's state-based objections are therefore overruled.
3     Interrogatory No. 8: Plaintiffs' request for "the identity of all SJPD members who have
4  complained to You about retaliation for reporting illegal conduct by members of SJPD" is
5  granted in part. The request is vague and ambiguous in certain respects, and it is overbroad as
6  to time. The requested discovery will be limited as follows: The City shall identify all SJPD
7  members who have complained, within the past 5 years, about retaliation for reporting fraud
8  within the SJPD. The City's interrogatory answer shall be served within 10 days from the date
9  of this order.
10    Interrogatory 10: Plaintiffs' request for discovery of others at SJPD who had
11 secondary employment at the East Side Union School District is denied. They have not
12 convincingly demonstrated that this information is relevant or reasonably calculated to lead to
13 the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).
14    Interrogatory 12: Plaintiffs' request for discovery of Sgt. Zarate's salary is denied.
15 They have not convincingly demonstrated that this information is relevant or reasonably
16 calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).
17    RFPs 3 and 9: Plaintiffs' request for this discovery is denied. They have not
18 articulated a need for Sgt. Zarate's personnel and internal affairs records that outweighs his
19 privacy interests.
20    RFPs 16, 19, 22-27: Plaintiffs' request with respect to these RFPs is granted. Within
21 10 days from the date of this order, the City shall (1) state when each of the requested
22 documents was destroyed; and (2) produce all retention policy(ies) that resulted in the
23 destruction of the documents in question. With respect to RFP 19, this court is told that Lt.
24 Spicer testified that the requested documents did exist and were in his office when he left the
25 Gang Investigations Unit on June 25, 2011. Within 10 days from the date of this order, the City
26 shall provide plaintiffs with affidavit(s) from appropriate person(s) at SJPD, explaining why
27 those documents reportedly are no longer available.
28

RFP 32: Plaintiffs request for "[a]ll documents that relate to allegations of time card fraud by SJPD officers from January 1, 2007 to present" is denied. The burden and expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. FED. R. CIV. P. 26(b)(2)(C)(iii).

SO ORDERED.

Dated: June 13, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:12-cv-02952-HRL Notice has been electronically mailed to:

Ardell Johnson    CAO.Main@sanjoseca.gov

Nkia Desiree Richardson    cao.main@sanjoseca.gov

Paul D Ahn    CAO.Main@sanjoseca.gov

Thomas Kevin Bourke    TallTom2@aol.com