*E-FILED:  June 13, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUIS HERNANDEZ and CINDY CALDERON, | No. C12-02952 HRL |
| Plaintiffs, | **ORDER RE DISCOVERY DISPUTE JOINT REPORT #1** |
| v. | |
| THE CITY OF SAN JOSE; THE SAN JOSE POLICE DEPARTMENT ("SJPD"); ERNIE ALCANTAR, individually and in his official capacity as Captain, SJPD; and JAMES WERKEMA, individually and in his official capacity as Lieutenant, SJPD, | **[Re:  Docket No. 22]** |
| Defendants. | |
| _____/ | |

United States District Court
For the Northern District of California

Plaintiffs Luis Hernandez and Cindy Calderon sue for alleged violation of their civil rights under federal and state law.  Specifically, Hernandez claims that defendants retaliated against him for reporting time card fraud within the San Jose Police Department (SJPD).  Calderon claims that defendants retaliated against her because of her friendship with Hernandez.  In Discovery Dispute Joint Report (DDJR) #1, plaintiffs seek an order compelling defendant City of San Jose (City) to answer Interrogatory Nos. 8, 10, and 12 and to produce documents responsive to Requests for Production Nos. 3, 9, 16, 19, 22-27, and 32 (or, to provide information as to why the requested documents are unavailable).  Having considered the parties' arguments, the court rules as follows:

Plaintiffs correctly note that federal, not state law privileges, apply.  See Soto v. City of

United States District Court

For the Northern District of California

1   Concord, 162 F.R.D. 603, 609 n.2 (N.D. Cal. 1995); Miller v. Pancucci, 141 F.R.D. 292, 297-

2   99 (C.D. Cal. 1992).  The City's state-based objections are therefore overruled.

3       Interrogatory No. 8:   Plaintiffs' request for "the identity of all SJPD members who have

4   complained to You about retaliation for reporting illegal conduct by members of SJPD" is

5   granted in part.  The request is vague and ambiguous in certain respects, and it is overbroad as

6   to time.  The requested discovery will be limited as follows:   The City shall identify all SJPD

7   members who have complained, within the past 5 years, about retaliation for reporting fraud

8   within the SJPD.  The City's interrogatory answer shall be served within 10 days from the date

9   of this order.

10      Interrogatory 10:       Plaintiffs' request for discovery of others at SJPD who had

11  secondary employment at the East Side Union School District is denied.  They have not

12  convincingly demonstrated that this information is relevant or reasonably calculated to lead to

13  the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).

14      Interrogatory 12:       Plaintiffs' request for discovery of Sgt. Zarate's salary is denied.

15  They have not convincingly demonstrated that this information is relevant or reasonably

16  calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).

17      RFPs 3 and 9:            Plaintiffs' request for this discovery is denied.  They have not

18  articulated a need for Sgt. Zarate's personnel and internal affairs records that outweighs his

19  privacy interests.

20      RFPs 16, 19, 22-27:   Plaintiffs' request with respect to these RFPs is granted.  Within

21  10 days from the date of this order, the City shall (1) state when each of the requested

22  documents was destroyed; and (2) produce all retention policy(ies) that resulted in the

23  destruction of the documents in question.  With respect to RFP 19, this court is told that Lt.

24  Spicer testified that the requested documents did exist and were in his office when he left the

25  Gang Investigations Unit on June 25, 2011.  Within 10 days from the date of this order, the City

26  shall provide plaintiffs with affidavit(s) from appropriate person(s) at SJPD, explaining why

27  those documents reportedly are no longer available.

28

RFP 32:     Plaintiffs request for "[a]ll documents that relate to allegations of time card fraud by SJPD officers from January 1, 2007 to present" is denied.  The burden and expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.  FED. R. CIV. P. 26(b)(2)(C)(iii).

SO ORDERED.

Dated: June 13, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

3

5:12-cv-02952-HRL Notice has been electronically mailed to:

Ardell Johnson      CAO.Main@sanjoseca.gov

Nkia Desiree Richardson      cao.main@sanjoseca.gov

Paul D Ahn      CAO.Main@sanjoseca.gov

Thomas Kevin Bourke      TallTom2@aol.com

**United States District Court**
For the Northern District of California