UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUIS HERNANDEZ and CINDY CALDERON,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE CITY OF SAN JOSE; THE SAN JOSE POLICE DEPARTMENT ("SJPD"); ERNIE ALCANTAR, individually and in his official capacity as Captain, SJPD; and JAMES WERKEMA, individually and in his official capacity as Lieutenant, SJPD,<br><br>        Defendants. | Case No. 5:12-cv-02952-HRL<br><br>**ORDER RE DEFENDANTS' MOTIONS IN LIMINE**<br><br>Re: Dkt. No. 62 |

For the reasons discussed at the June 21, 2016 Final Pretrial Conference, the court rules on defendants' motions in limine as follows:

Motion in Limine No. 1 to "Preclude any Evidence of Defendants Ernie Alcantar and James Werkema's Financial Condition" is GRANTED AS UNOPPOSED.

Motion in Limine No. 2 to "Preclude Plaintiffs from Presenting Evidence Regarding any Time-Barred Claims as the Basis for any Liability" is GRANTED; however, plaintiffs may use pre-limitation period events as background evidence in support of their timely claims. Nat'l R.R. Passenger Corp. v. Morgan, 122 S. Ct. 2061, 2072 (2002); RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1062 (9th Cir. 2002).

Motion in Limine No. 3 to "Preclude Plaintiffs from Presenting any Evidence or Argument Regarding a Claim that Cindy Calderon was Retaliated Against for Exercising her Right to Free Speech" is GRANTED.  Calderon essentially makes a de facto request to amend the complaint to add a new basis for relief---i.e., exactly the same as the one alleged for Hernandez, her co-plaintiff and friend.  It is inconceivable that Calderon's free speech claim would be overlooked by the attorney drafting the complaint.  The only plausible conclusion is that she did not have such a claim.  Moreover, this court is told that in deposition,[1] Calderon testified that her only grievance was based on the alleged violation of her right to free association:

> Q: So the only reason that you believe that you were being retaliated against in 2008 is because you were friends with Officer Hernandez?
>
> A: Yes. And also the structure of their whole testing. There would be no way for me to check what my answers were against what they claim the answers were.

To allow amendment now would open the door for Calderon to testify at trial contrary to what she testified to in deposition.  That will not be countenanced by the court.

Motion in Limine No. 4 to "Exclude the Testimony of Plaintiff's Proposed Expert Jennifer Ziegler" is GRANTED IN PART AND DENIED IN PART.  Ziegler may not offer legal conclusions, speculative or argumentative opinions, or make fact determinations that properly belong to the jury.  She may not opine on damages based on time-barred events.  However, Ziegler may be permitted to opine in response to appropriate hypothetical questions based on facts supported by the evidence.  Fed. R. Evid. 403, 702, 703.

Motion in Limine No. 5 to "Exclude any Evidence or Witnesses Not Produced or Revealed in Response to Discovery Requests" is GRANTED AS UNOPPOSED.  It goes without saying that

---

[1] The quoted portions of Calderon's deposition testimony were read to the court on the record at the pretrial conference.

1  neither side will be permitted to present such evidence.  Fed. R. Civ. P. 37(c).

2       SO ORDERED.

3  Dated:   June 24, 2016

HOWARD R. LLOYD
United States Magistrate Judge

5:12-cv-02952-HRL Notice has been electronically mailed to:

Ardell Johnson     CAO.Main@sanjoseca.gov, leslie.donahue@sanjoseca.gov

Kathryn Jennifer Zoglin     Katie.Zoglin@sanjoseca.gov

Nkia Desiree Richardson     cao.main@sanjoseca.gov

Paul D Ahn     paul.ahn@vta.org, margarita.martinez@vta.org

Thomas Kevin Bourke     TallTom2@aol.com, legalassistant@bourkelaw.com, mazizi@bourkelaw.com